UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA S. BROWN,

    Plaintiff,                       CIVIL ACTION NO. 07-11409

   v.                               DISTRICT JUDGE BERNARD A. FRIEDMAN
                                   MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 30, 2003, alleging that she had been disabled and unable to work since April 3, 2003[1], at age 41, due to a leaking heart valve, back pain and hypertension. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on September 26, 2006, before Administrative Law Judge (ALJ) Mason D. Harrell, Jr. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The

---

[1] Plaintiff later amended the onset date of disability to September 2003 (TR 174).

parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 44 years old at the time of the administrative hearing (TR 22, 44). She had been graduated from high school, and had been employed as a grocery stocker, factory worker, home aide and school cafeteria worker (TR 56, 170). As a grocery stocker for Wal-Mart, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 56).

Claimant testified that she was forced to stop working as a grocery clerk in September 2003, due to chronic fatigue, chest tightness and back pain (TR 171-172). While nitroglycerin tablets helped reduce the chest discomfort, Plaintiff explained that the pain never disappeared (TR 178). Other impairments which claimant said prevented her from returning to work included migraine headaches, sharp back pain and hypertension (TR 180-181, 185). Claimant spent her day helping to care for her two grandchildren, ages one and five, while their mother went to work (TR 173). She allegedly was unable to lift more than ten pounds, and had to frequently lie down for at least an hour a day to relieve chronic fatigue (TR 187, 189).

A Vocational Expert, Stephanie Leech, classified Plaintiff's past work as light to medium, unskilled and semi-skilled activity that did not impart any transferable skills (TR 86, 190). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 191). If she were capable of sedentary work, there were numerous unskilled assembly, receptionist, information clerk and general

---

[2] The witness explained that Plaintiff's alleged inability to remain awake during the day would preclude all work activity (TR 191).

office jobs that Plaintiff could perform with minimal vocational adjustment (TR 190-191). These simple, repetitive jobs did not require a lot of vigilance, permitted time off once or twice a month, and were performed in air conditioned environments free of pollutants (TR 190).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired primarily as a result of nicotine abuse, aortic insufficiency and essential hypertension, but that her condition was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's symptoms precluded her from performing jobs requiring vigilance, climbing ladders or working at high elevations. The ALJ further found that Plaintiff needed to take one or two days off from work every month, and that she could not work in polluted environments that did not have air conditioning. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her heart problem, chest pain and back discomfort were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

### INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff was insured for purposes of receiving DIB benefits through the date of the ALJ's decision (May 13, 2006). The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had

the burden of proving that she was disabled between April 30, 2003, the SSI application date, and May 13, 2006, the date of the ALJ decision, in order to be entitled to SSI benefits.

DISCUSSION AND ANALYSIS

Plaintiff does not point to medical or other objective evidence to challenge the ALJ's residual functional capacity evaluation. Instead, she argues that the Law Judge erred in concluding that her allegations were not credible (See pp. 6-10 of Plaintiff's Motion for Summary Judgment). The medical evidence, however, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain and chronic fatigue.

As the ALJ noted, the medical record revealed that Plaintiff had some cardiac problems related to heart valve irregularities (TR 106). Clinical studies, including chest X-rays, an echocardiogram and a cardiac catheterization, showed excellent ventricular function and no coronary heart disease (TR 17, 102, 107, 129-130, 132). Significantly, Plaintiff did not seek treatment for the heart condition from August 2003 through October 2004, at which time she was simply advised to quit smoking and increase her physical activity (TR 145).

The Law Judge considered Plaintiff's sparse treatment as a factor in concluding that her pain symptoms and functional limitations were not as severe as she alleged. When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of light work[3] (TR 134-141). In light of that evidence, the

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to sedentary work that did not involve complex, repetitive tasks, the climbing of stairs, or working in polluted environments without air conditioning.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with

her significant impairments[4], the Vocational Expert testified that there were numerous unskilled assembly, receptionist, information clerk and general office jobs that Plaintiff could perform with minimal vocational adjustment (TR 190-191). These simple, repetitive jobs did not require hyper-vigilance. They permitted time off once or twice a month, and were performed in clean air conditioned environments (TR 190). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

---

[4] Contrary to Plaintiff's assertion, there was no medical evidence corroborating her allegation that she suffered from chronic fatigue that required her to sleep for portions of the day.

Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: June 11, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 11, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 11, 2008. **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217